# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | No. 4:11-cr-6-ALM-BD |
| § | |
| NARBEL SOLARIO PENALOZA (1) § | |

## MEMORANDUM REJECTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. The Court finds that the Report and Recommendation of United States Magistrate Judge (Dkt. #2026) should be **REJECTED.**

### BACKGROUND

In 2012, Judge Marcia Crone sentenced Defendant Narbel Solario Penaloza to a term of imprisonment, followed by five years of supervised release (Dkt. #1354 at pp. 1–3). Defendant began his period of supervised release on January 12, 2018 (Dkt. #1946 at p. 1). On January 22, 2019, a probation officer petitioned the Court for a warrant, alleging that Defendant violated his supervised release by illegally reentering the United States (Dkt. #1946). The Court issued the warrant on January 24, 2019 (Dkt. #1948).

On May 9, 2025, Defendant appeared before U.S. Magistrate Judge James Boone Baxter for an initial appearance on the revocation petition (*See* Minute Entry for May 9, 2025). Six years transpired from the issuance of the warrant to Defendant's initial appearance. On May 23, 2025, Defendant appeared before U.S. Magistrate Judge Bill Davis for a final revocation hearing (*See*

Minute Entry for May 23, 2025). At this hearing, Defendant pleaded true to all allegations in the petition and the Magistrate Judge accepted the plea (*See* Minute Entry for May 23, 2025). The Magistrate Judge, *sua sponte*, questioned whether the Court had jurisdiction to revoke Defendant's supervised release and requested that the parties brief the issue (Dkt. #2021). On June 4 and 6, 2025, the parties filed their Joint Memoranda Regarding Jurisdiction (Dkt. #2024; Dkt. #2025). The parties argued that the Court had jurisdiction because of the fugitive-tolling doctrine (*See* Dkt. #2024; Dkt. #2025). The Magistrate Judge disagreed and recommended that the Court dismiss the petition for want of jurisdiction (Dkt. #2026).

## LEGAL STANDARD

28 U.S.C. § 636(b)(1)(C) provides that "the magistrate judge shall file his proposed findings and recommendations . . . with the court and a copy shall forthwith be mailed to all parties." Further, the statute empowers the district judge to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The statute grants the "district court broad discretion to accept or reject" the magistrate judge's findings. *Prieto v. United States*, No. 4:10-CV-136, 2017 WL 1148454, at *2 (E.D. Tex. Mar. 28, 2017); *cf. Brown v. Kelly*, 393 F. App'x 208, 211 (5th Cir. 2010) (quoting 28 U.S.C. § 636(b)(1) (2006)) ("It is true that district judges have almost unlimited authority to 'accept, reject, or modify, in whole or in part, the findings or recommendations made by' a magistrate [judge].").

## ANALYSIS

Here, the issue is whether the Court has jurisdiction when a petition for revocation of supervised release and a warrant for the defendant were issued before supervised release expired

and the conduct that the petition was based upon occurred before the expiration of supervised release. In such a situation, the Court has jurisdiction pursuant to 18 U.S.C. § 3583(i).

I.     The Text of 18 U.S.C. § 3583(i)

The Court begins, as it must, with the statute. *United States v. Koutsostamatis*, 956 F.3d 301, 306 (5th Cir. 2020) ("In statutory interpretation, we have three obligations: (1) Read the statute; (2) read the statute; (3) read the statute!") (citation modified). The relevant statutory provision states:

> The power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment and, subject to the limitations in subsection (h), a further term of supervised release, extends beyond the expiration of the term of supervised release for *any period reasonably necessary for the adjudication* of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

18 U.S.C. § 3583(i) (emphasis added).

A.    The Meaning of "Any Period Reasonably Necessary"

In this case, the parties and Magistrate Judge focus their analysis on the fugitive-tolling doctrine (*See* Dkt. #2024; Dkt. #2025; Dkt. #2026). That, however, is putting the cart before the horse. Before conducting a fugitive-tolling analysis, the Court must first apply the statute itself to determine if the Court has jurisdiction. As an initial matter, the Court notes that the plain meaning of the statute itself is quite broad. Indeed, the text uses the words "*any* period reasonably necessary," reflecting Congress's intent that the statute needed to account for the realities associated with law enforcement. 18 U.S.C. § 3583(i) (emphasis added). This makes sense when considering that once a warrant issues, the United States Marshals Service ("Marshals Service") receives the warrant and must frequently prioritize other duties before locating and apprehending a fugitive. For example, in fiscal year 2024, the Marshals Service arrested or cleared 74,222

3

fugitives across the country and, as a result, cleared 88,765 warrants.[1] Due to this demanding workload, when a warrant is issued, the Marshals Service does not cease current assignments to apprehend the most recently entered fugitive. Rather, that individual becomes integrated into the Marshals Service's workflow and it may take several years before the fugitive can be arrested and brought before a court to adjudicate the revocation proceeding. Thus, the plain meaning of § 3583(i) suggests that the statute must operate pragmatically to accommodate how the Marshals Service execute these warrants and apprehend fugitives from justice. *Cf. United States v. Morales-Isabarras*, 745 F.3d 398, 401 (9th Cir. 2014) ("Courts have generally taken a practical approach to the determination of what delays are 'reasonably necessary' for purposes of § 3583(i)."); *see also United States v. Ramos*, 401 F.3d 111, 118 (2d Cir. 2005) (noting that "reasonable necessity remains, we think, a relatively elastic concept"). The Court must now examine the crucial statutory term that follows the phrase "any period reasonably necessary"—adjudication. 18 U.S.C. § 3583(i).

### B.     The Meaning of "Adjudication"

The statutory term "adjudication" also strongly suggests that the "any period reasonably necessary" language in § 3583(i) refers to when the defendant is in federal custody, not when the Marshals Service is searching for the defendant. Notably, the term adjudication is used once in § 3583, specifically in subsection (i); however, the term is not defined anywhere in § 3583. Further, the Fifth Circuit has not directly defined what adjudication means. However, the term's plain meaning, case law from the Fifth Circuit, and persuasive authority suggest that adjudication refers

---

[1] U.S. MARSHALS SERV., *Fact Sheet Fugitive Apprehension*, OFF. OF PUB. AFF. (Oct. 1, 2024), https://www.usmarshals.gov/sites/default/files/media/document/2025-Fugitive-Apprehension.pdf.

to proceedings that occur once the defendant is in federal custody. The Court looks "first to [§ 3583(i)'s] plain language." *United States v. Naranjo*, 259 F.3d 379, 382 (5th Cir. 2001); *see also* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 69 (2012) ("Words are to be understood in their ordinary, everyday meanings—unless the context indicates that they bear a technical sense."). Black's Law Dictionary defines adjudication as "[t]he legal process of resolving a dispute; the process of judicially deciding a case." *Adjudication*, Black's Law Dictionary (12th ed. 2024). Although "the legal process of resolving a dispute" could be understood to involve the process of executing a warrant, that argument rings hollow when considering the second half of the definition. *Id.* "The process of judicially deciding a case" strongly suggests that adjudication in § 3583(i) refers to when the defendant is in federal custody and the judicial process begins, not when the defendant is at large and the Marshals Service is unable to effectuate the warrant. *Id.* Thus, the plain meaning of the term adjudication indicates that the statutory phrase "any period reasonably necessary for the adjudication" means that the reasonableness analysis is focused on when the defendant is in federal custody. 18 U.S.C. § 3583(i). As discussed below, this understanding is bolstered by case law from the Fifth Circuit.

Beginning with *United States v. Naranjo*, the defendant argued that § 3583(i) authorized post-term revocation "when the warrant or summons is issued before term-expiration on the specific basis of the alleged violation upon which revocation is ultimately based." 259 F.3d at 382 (citation modified). So, according to the defendant, "because, for revocation, the Government did not rely on the 1996 conduct upon which his arrest warrant was issued, but instead on his 1999 convictions that occurred more than two years after term-expiration, the district court did not have jurisdiction." *Id.* (citation modified). The Fifth Circuit disagreed and held that the statute permits

5

revocation "based on any violation of a condition of supervised release occurring during the supervision term, even if not contained in a petition for revocation filed during that term, so long as a warrant or summons was issued during that term on the basis of an alleged violation." *Id.* at 383 (citation modified). The Fifth Circuit also noted that the district court's post-term jurisdiction is *preserved* by the issuance of a warrant or summons during the term of supervised release. *See id.* (emphasis added). Notably, the *Naranjo* majority stated it was not addressing the reasonableness of the delay. *See id.* at 383 n.5. However, *Naranjo*'s progeny suggests that reasonableness of the delay is analyzed once the defendant is in federal custody. For example, in *United States v. Dearing*, the defendant argued that the district court lacked jurisdiction to revoke his supervised release because his *revocation hearing* was held subsequent to the reasonably necessary period. 57 F. App'x 210, 210 (5th Cir. 2002). Resoundingly, the Fifth Circuit rejected this argument by emphasizing that "[t]he district court's jurisdiction 'extends beyond the expiration of the term of supervised release for any period *reasonably necessary* for the adjudication of matters *arising before* its expiration' if, as here, a warrant or summons is issued before expiration." *Id.* (citing 18 U.S.C. § 3583(i)). The Fifth Circuit also noted that the "total delay was approximately 13 months" and "[o]n similar facts [in *Naranjo*], our court held recently that a delay of almost three years did not result in a loss of jurisdiction." *Id.* To summarize, the Fifth Circuit focused on the fact that the warrant issued before the expiration of supervised release. *Id.* Further, when discussing the delay in the case, the Fifth Circuit analyzed the delay as to when the revocation hearing occurred after the defendant was taken into custody, not the delay from issuance of the petition to when the Marshals Service executed the warrant. *See id.*

Further, as other cases have percolated up to the Fifth Circuit, the Fifth Circuit has analyzed this issue in a manner that reinforces that adjudication refers to when the defendant is in federal custody. In *United States v. Nguyen*, the Fifth Circuit applied *Naranjo*. 556 F. App'x 315, 315 (5th Cir. 2014). There, the defendant claimed that "the district court lacked authority to revoke his term of supervised release based on allegations raised for the first time in an amended petition for a warrant for offender under supervision, filed after his term of supervised release ended." *Id.* The Fifth Circuit noted that "a district court is authorized to revoke a term of supervised release after it has expired based on allegations raised in an amended warrant petition so long as: (1) the original warrant was filed before expiration of the supervised release term; and (2) the conduct underlying new allegations occurred prior to expiration of the term." *Id.* (citing *Naranjo*, 259 F.3d at 383; 18 U.S.C. 3583(i)). The Fifth Circuit held that the district court had jurisdiction because these requirements were satisfied. *See id.* As illustrated, to have jurisdiction, the Fifth Circuit requires that the original warrant issued before the expiration of supervised release and that the conduct underlying the new allegations occurred prior to the expiration of supervised release. *See id.* The time that the Marshals Service takes to apprehend the individual is not mentioned, and this omission is telling when analyzed in light of *United States v. Montes*. 764 F. App'x 409, 410 (5th Cir. 2019).

In *Montes*, the defendant claimed the district court erred in denying her motion to dismiss the petition for revocation because the hearing was not held within a reasonably necessary time after the term of supervised release expired. *Id.* Again, the Fifth Circuit disagreed and held that the district court retained jurisdiction over Montes's supervised-release hearing. *Id.* This is crucial because the Fifth Circuit implicitly acknowledged that the "reasonably necessary" timeframe

7

refers not to the time it takes to arrest the defendant, but rather, as the defendant framed the issue for the court, to the time it takes the court to adjudicate the supervised-release hearing. *See id.* Further, the court reached this result because "*all* the requirements of 18 U.S.C. § 3583(i) were met" as the revocation was "based on actions that occurred before the supervised-release period was due to expire, and the court's jurisdiction was preserved *by the filing of a petition for offender under supervision and the issuance of a warrant* before the expiration of the supervised-release period." *Id.* (emphasis added). The Fifth Circuit noted that the five-week delay between the end of supervised release and the date of the revocation hearing did not divest the court of jurisdiction. *Id.* Furthermore, this Court also notes that it cannot locate a *single* case in which the Fifth Circuit reversed a district judge for finding it had jurisdiction when a petition for revocation of supervised release and a warrant for the defendant were issued before supervised release expired and the conduct the petition was based on occurred before the expiration of supervised release. This might explain why, prior to 2025, none of the judges in the Eastern District of Texas had ever interpreted § 3583(i) to divest district judges of jurisdiction in circumstances such as these.

Persuasive authority also suggests that § 3583(i)'s "any period reasonably necessary" does not refer to the time it takes the Marshals Service to apprehend the defendant. In *United States v. Garrett*, the Ninth Circuit concluded that "the language of § 3583(i)-'any period reasonably necessary for the adjudication of matters arising before its expiration'-refers to the *federal* adjudication of the defendant's supervised release violations." 253 F.3d 443, 449 (9th Cir. 2001). The Ninth Circuit also noted that it believed the "purpose of § 3583(i) was to assure reasonable speed of federal adjudication after the defendant is in federal custody . . . ." *Id.* at 450; *see also United States v. Hunter*, No. 1:94-CR-32-JCC, 2017 WL 2290836, at *1–3 (E.D. Va. May 25, 2017) (finding

8

the court retained jurisdiction pursuant to § 3583(i), when it took the Marshals Service 12 years to locate the defendant). Thus, the statutory text, case law from the Fifth Circuit, and persuasive authority indicate that "any period reasonably necessary for the adjudication" refers to when the defendant is in federal custody, and the Court has jurisdiction under § 3583(i), provided that: (1) the revocation is based on conduct that occurred before supervised release expired; (2) the petition for revocation is filed before supervised release expired; and (3) the warrant is issued before the expiration of the supervised-release period. *See Montes*, 764 F. App'x at 410; *see also Naranjo*, 259 F.3d at 380–81; *Nguyen*, 556 F. App'x at 315.

## II. The Fugitive-Tolling Doctrine

The parties and Magistrate Judge's reliance on the fugitive-tolling doctrine in the supervised-release context is unnecessary because their reliance on *Swick* is misguided (*See* Dkt. #2024; Dkt. #2025; Dkt. #2026). In *United States v. Swick*, the defendant, in 2009, pleaded guilty to possession of a stolen firearm. 137 F.4th 336, 338 (5th Cir. 2025). The district court sentenced him to 33 months in prison and two years of supervised release. *Id.* Eight years later the defendant was released from state prison but did not report to federal supervision. *Id.* No one noticed the defendant's failure to report until after his supervised release should have ended. *Id.* Despite this, the district judge revoked the defendant's supervised release based on crimes he committed while at large, asserting jurisdiction under the fugitive-tolling doctrine, and the Fifth Circuit affirmed. *Id.* The fugitive-tolling doctrine is inapplicable to this case because, here, the conduct that prompted the revocation petition and warrant occurred *during* the period of supervised release (Dkt. #1946). Therefore, there is no need to apply the fugitive-tolling doctrine. If the period of supervised release expired, and then a petition for revocation and warrant were issued, the Court would need to conduct a fugitive-tolling analysis. But that is not the case here.

9

Thus, as explained below, the analysis the Court must conduct to determine its jurisdiction is simple and straightforward.

### III.    The Court's Jurisdiction

As the Fifth Circuit holds, a district court is authorized to revoke a term of supervised release provided that: (1) the revocation is based on conduct that occurred before supervised release expired; (2) the petition for revocation is filed before supervised release expired; and (3) the warrant is issued before the expiration of the supervised-release period. *See Montes*, 764 F. App'x at 410; *see also Naranjo*, 259 F.3d at 380–81; *Nguyen*, 556 F. App'x at 315. The Court addresses each of these requirements in turn.

First, the revocation must be based on conduct that occurred before supervised release expires. *See Montes*, 764 F. App'x at 410; *see also Naranjo*, 259 F.3d at 380–81. Here, it was. Defendant's conduct occurred in January of 2019, and his term of supervised release was scheduled to expire on January 11, 2023 (Dkt. #1946 at p. 1). So, this requirement is satisfied.

Second, the petition to revoke supervised release must be filed before the period of supervised release expires. *See Montes*, 764 F. App'x at 410. This requirement is also satisfied because the petition was filed on January 22, 2019, and thus, before Defendant's supervised release was scheduled to expire on January 11, 2023 (Dkt. #1946 at p. 1).

Third, the warrant must be issued before the expiration of the supervised-release period. *See Montes*, 764 F. App'x at 410. This requirement is also met because the Court issued the warrant on January 24, 2019, well within the period of supervised release (Dkt. #1948).

The Court also notes that once Defendant was in federal custody, he made an initial appearance on May 9, 2025, and the final revocation hearing occurred on May 23, 2025 (*See* Minute

Entry for May 9, 2025; Minute Entry for May 23, 2025). Hence, the proceedings occurred well within "any period reasonably necessary for the adjudication . . . ." 18 U.S.C. § 3583(i).

Thus, the Court finds that it has jurisdiction pursuant to § 3583(i). To conclude otherwise would usurp the legislative function because the Court would be rewriting the statute. That, the Court will not do. Felix Frankfurter, *Some Reflections on the Reading of Statutes*, 47 COLUM. L. REV. 527, 533 (1947) ("A judge must not rewrite a statute, neither to enlarge nor to contract it.").

## CONCLUSION

It is therefore **ORDERED** that the Report and Recommendation of United States Magistrate Judge (Dkt. #2026) is hereby **REJECTED.**

The case is returned to the Magistrate Judge to continue adjudicating this case because the Court has subject matter jurisdiction.

**IT IS SO ORDERED.**

**SIGNED this 29th day of September, 2025.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE